UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIAM SELEPACK, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-01227-JCC-JFA |
| ) | |
| v. ) | |
| ) | |
| OFFICER VIRGINIA NEWSOME, in her ) | |
| individual and official capacities; former ) | |
| CHIEF ADRIENNE BURTON, in her ) | |
| individual and official capacities; CHIEF ) | |
| MARK STACKS, in his individual and ) | |
| official capacities; BOARD OF ) | |
| SUPERVISORS OF LOUDOUN ) | |
| COUNTY, VIRGINIA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF GUARDIAN**

In support of his Motion for Appointment of Guardian, Plaintiff William Selepack ("Mr. Selepack" or "Plaintiff"), by counsel, states as follows:

**BACKGROUND FACTS**

Mr. Selepack, through counsel, filed a complaint in this matter on September 24, 2015. At that time, he had been diagnosed with multiple physical and mental disabilities, but was under the care of one of his friends, Dennis Biddle. Mr. Biddle died shortly after Mr. Selepack filed the complaint, and between that time and November 4, 2015, when Mr. Selepack filed an emergency motion for a Temporary Restraining Order for the immediate return of Mr. Selepack's service dog, it became clear that Mr. Selepack's physical condition had worsened substantially as a result of not having a caretaker to remind him to take his medications, to get him medical

attention if he trips or falls, or to help him with other activities, such as cooking. Though those physical dangers still very much exist, new evidence came to light that made the entry of a temporary restraining order inappropriate at that time, so Mr. Selepack withdrew the motion.

At the time of the motion for a temporary restraining order, Mr. Selepack had little social interaction and difficulty remembering to take his medications or eat. In the weeks since then, Mr. Selepack's physical and mental condition has continued a downward spiral, and Plaintiff's counsel has developed serious concerns about Mr. Selepack's capacity. Mr. Selepack is in a cycle of routinely forgetting to take his mediation for days at a time, and then remembering to take his medication but forgetting he has already taken it, leading to ingesting substantially more medication than he is supposed to have. Furthermore, because of Mr. Selepack's lack of social interaction, he has trouble staying lucid. Mr. Selepack has represented to Plaintiff's counsel that he often has trouble remembering his name and the day of the week. Mr. Selepack has previously stated that he has forgotten to take his diabetes medication and ate an entire cheesecake. He was passed out for sixteen (16) hours until a neighbor found him.

Plaintiff's counsel has substantial concerns that Mr. Selepack is not capable of managing his health, money, or affairs effectively.

**ARGUMENT**

Under Federal Rule of Civil Procedure 17(c), the Court can appoint a guardian to sue on behalf of an incompetent person, even if that person already has legal representation. For an individual, capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). In Virginia, an incapacitated person is one "who has been found by a court to be incapable of receiving and evaluating information effectively or responding to people, events, or

environments to such an extent that the individual lacks the capacity to (i) meet the essential requirements for his health, care, safety, or therapeutic needs without the assistance or protection of a guardian or (ii) manage property or financial affairs or provide for his support or for the support of his legal dependents without the assistance or protection of a conservator." Va. Code § 64.2-2000. The court has discretion to appoint a guardian if it believes the appointment is necessary to protect the incompetent's interests, and "[n]othing in the rule prohibits the district court from appointing a guardian ad litem to represent a person not previously adjudicated as incompetent through a state proceeding." *Fonner v. Fairfax County, Va.*, 415 F.3d 325, 330 (4th Cir. 2005).

Though guardians can be appointed *sua sponte* or at the request of an opposing party, Rule 1.14 of the Virginia Rules of Professional Conduct allows the party's own representative to move for the appointment of a guardian. Specifically, Rule 1.14(b) provides, "When the lawyer reasonably believes that the client has diminished capacity, is at risk of substantial physical, financial or other harm unless action is taken and cannot adequately act in the client's own interest, the lawyer may take reasonably necessary protective action, including consulting with individuals or entities that have the ability to take action to protect the client and, in appropriate cases, seeking the appointment of a guardian ad litem, conservator or guardian." VA. RULES OF PROF'L CONDUCT r. 1.14(b).

In the instant case, Plaintiff's counsel is concerned that Mr. Selepack cannot adequately care for his health and safety and is further unable to manage his affairs, including the present matter, without the assistance of a guardian. Mr. Selepack has not been taking his medications at their proper time or their proper dosage, and experiences substantial lapses in memory and

lucidity. In the past several weeks, it has become clear that these problems persisted in such a way that counsel has been unable to accept Mr. Selepack's representations.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's counsel respectfully requests this Court appoint a guardian for Mr. Selepack for the purposes of litigation and physical safety or, in the alternative, requests that the Court order an evaluation for the purposes of appointing a guardian.

DATED: December 18, 2015

BY: _____/s/_____
Joshua Erlich (VA Bar No. 81298)
Benjamin W. Owen (VA Bar No. 86222)
Davia Craumer (VA Bar No. 87426)
**The Erlich Law Office, PLLC**
2111 Wilson Blvd
Ste 700
Arlington, VA  22201
Tel:   (703) 791-9087
Fax:   (703) 351-9292
Email: jerlich@erlichlawoffice.com
            bowen@erlichlawoffice.com
            dcraumer@erlichlawoffice.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on December 18, 2015, I served the foregoing by CM/ECF on the following:

Julia Judkins
Bancroft, McGavin, Horvath & Judkins, P.C.

                                                                       /s/
                                       Joshua Erlich (VA Bar No. 81298)
                                       THE ERLICH LAW OFFICE, PLLC
                                       2111 Wilson Blvd., Ste. 700
                                       Arlington, VA  22201
                                       Tel:    (703) 791-9087
                                       Fax:   (703) 722-8114
                                       Email: jerlich@erlichlawoffice.com