```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


WILLIAM SELEPACK,                 )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )    1:15-cv-01227 (JCC/JFA)
                                  )
OFFICER VIRGINIA NEWSOME,         )
ET AL.,                           )
                                  )
     Defendants.                  )
```

## O R D E R

This matter came before the Court on Plaintiff William Selepack's ("Plaintiff") Unopposed Motion for Appointment of Guardian. [Dkt. 15] Additionally, Plaintiff motioned for a stay of proceedings pending the Court's ruling on the motion to appoint a guardian. [Dkt. 17] Specifically, the stay would toll Plaintiff's time to respond to Defendants' motion to dismiss. [Dkt. 20.] For the following reasons, the Court will deny the motion to appoint a guardian and the motion to stay.

Plaintiff's Counsel ("Counsel") contends that a guardian is necessary because Plaintiff's mental competence has deteriorated since the Complaint was filed on September 24, 2015. Prior to that time, Plaintiff was allegedly diagnosed with multiple physical and mental disabilities. Plaintiff managed these disabilities with the help of medication and a caregiver. Shortly after the Complaint was filed, however, the

caregiver passed away, allegedly leaving Plaintiff without needed assistance.  According to Counsel, Plaintiff now routinely forgets to take his medication, has "trouble staying lucid," and "often has trouble remembering his name and the day of the week."  (Mem. in Supp. [Dkt. 16] at 2.)  These conditions have caused Counsel concern that Plaintiff "cannot adequately care for his health and safety and is further unable to manage his affairs, including the present matter, without the assistance of a guardian."  (*Id.* at 3.)  Additionally, Counsel contends he can no longer accept Plaintiff's representations as true.  (*Id.*)

At the outset, the Court notes that the motion ambiguously requests the appointment of "a guardian for Mr. Selepack for the purposes of litigation and physical safety." (*Id.*)  From this statement, it is unclear whether Counsel seeks the appointment of a general guardian or a guardian ad litem.  A general guardian derives his authority from state law.  In Virginia, a general guardian "is responsible for the personal affairs of an incapacitated person, including responsibility for making decisions regarding the person's support, care, health, safety, habitation, education therapeutic treatment" and other responsibilities.  Va. Code Ann. § 64.2-2000.  "But a guardian ad litem is something quite different.  He is appointed for the mere temporary duty of protecting the legal rights of an [incompetent] in a particular suit and his duties and his office

2

end with that suit." *Blackwell v. Vance Trucking Co.*, 139 F. Supp. 103, 106 (E.D.S.C. 1956). Notwithstanding this ambiguity, the Court will not appoint a general guardian or a guardian ad litem.

This Court has no jurisdiction to appoint a general guardian over Plaintiff's affairs. As found in *Mazur v. Woodson*, 932 F. Supp. 144 (E.D. Va. 1996), "guardianship of an adult because of mental illness or incapacity is analogous to child custody situations," which are outside of a federal district court's jurisdiction. *Id.* at 149. Several other district courts have similarly concluded that they lack jurisdiction to appoint a general guardian. *See e.g.*, *Bacon v. Mandell*, No. 10-5506 (JAP), 2012 WL 4105088, at *14 n.21 (D.N.J. Sept. 14, 2012) ("Moreover, the federal courts are altogether without jurisdiction to appoint a 'general' guardian if they are proceeding under Rule 17(c)."); *Schwab v. Word*, No. 05 C 2866, 2005 WL 2656379, at *3 (N.D. Ill. Oct. 14, 2005) (dismissing for lack of subject matter jurisdiction a request to appoint a general guardian because petitioner must follow state procedures for such an appointment); *United States v. Maryans*, 803 F. Supp. 1378, 1378 (N.D. Ind. 1992) (declining to appoint general guardian and noting "that appointment of a general guardian would raise serious concerns for principles of federalism"). Additionally, Virginia law requires guardianship petitions to be filed "with the circuit court of the county or city in which the

3

respondent is a resident or located," Va. Code Ann. § 64.2-2001(A), and establishes a detailed procedure for circuit courts considering the appointment of a general guardian, *see id.* §§ 64.2-2003, 2004, 2007.  Plaintiff's memorandum identifies no cases in which a federal court has applied these statutes to appoint a general guardian and the Court is not aware of any. Accordingly, the Court finds the appointment of a general guardian to be outside of its jurisdiction.

To the extent that the motion requests the appointment of a guardian ad litem to represent Plaintiff in this litigation only, the motion is denied.  Federal Rule of Civil Procedure 17(c)(2) allows a court to appoint a guardian ad litem, but "it does not compel it to do so."  *Graham v. King*, No. CCB-12-2975, 2014 WL 794373, at *2 (D. Md. Feb. 26, 2014).  Instead, Rule 17(c)(2) grants the court considerable discretion to issue an "appropriate order" to protect the interests of an unrepresented and incompetent litigant.  *Id.*; Fed. R. Civ. P. 17(c)(2) ("The Court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.").

The Court will not appoint a guardian ad litem because Plaintiff has adequate representation to resolve the current motion to dismiss.  Rule 17(c)(2) requires the court to appoint a guardian ad litem, or issue another appropriate order, only when the incompetent party "is unrepresented in an action."

4

Fed. R. Civ. P. 17(c)(2).  District courts in this circuit have concluded that the presence of counsel constitutes representation for purposes of this rule.  *See, e.g.*, *Buchanan v. Blankenship*, 406 F. Supp. 2d 642, 645 (W.D. Va. 2015) ("All of these defendants who have moved for appointment of guardians ad litem are represented by lawyers . . . . [A]t this point in the case I see no reason to appoint guardians ad litem for these defendants."); *Wachovia Bank v. Anderson*, No. 3:09-cv-630, 2010 WL 2024488, at *3 (E.D. Va. May 18, 2010) ("Since Defendant . . . is currently represented by counsel, the Defendant's Motion for the Appointment of a Guardian *Ad Litem* is denied.").  In this case, Plaintiff is represented by his chosen counsel who drafted and signed the Complaint only three months ago.  The Court sees no reason that the same Counsel is unqualified to defend the legal sufficiency of the allegations within that Complaint, even if Plaintiff's mental competency has become unpredictable over recent months.  Therefore, the Court will not exercise its discretion to appoint a guardian ad litem at this stage of the litigation.

Additionally, it remains to be determined whether this Court has subject matter jurisdiction to adjudge Plaintiff's Complaint.  Courts outside of the Fourth Circuit have interpreted Rule 17(c)(2) to preclude district courts only from reaching the *merits* when a party is incompetent and unrepresented.  *See, e.g.*, *Berrios v. N.Y.C. Hous. Auth.*, 564

F.3d 130, 134 (2d Cir. 2009) ("Thus, as to a claim of an unrepresented minor or incompetent person, the court is not to reach the merits without appointing a suitable representative."); *Drown v. Town of Northfield*, No. 2:14-cv-80, 2015 WL 1393250, at *2 (D. Vt. Mar. 25, 2015) ("[W]hile a district court may not make a merits determination on claims filed by an incompetent person, the Court's determination here pertains to its jurisdiction.  A jurisdictional ruling where it is 'clear that no substantial claim might be brought' does not run afoul of Rule 17(c)(2)."); *Scholobom v. Mountain Vista Med. Ctr.*, No. CV 13-01237, 2014 WL 3894107, at *7 (D. Ariz. Aug. 8, 2014) (same).  In this case, Defendants' motion to dismiss is based, in part, on a lack of subject matter jurisdiction. Defendants argue that exercising jurisdiction over this case would violate the *Rooker-Feldman* doctrine, which divests district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In light of the substantial state court proceedings and orders preceding the filing of Plaintiff's federal suit, Defendants have appropriately called this Court's subject matter jurisdiction into question. Appointment of a guardian ad litem is particularly inappropriate

before the Court has heard from Plaintiff's Counsel on whether this Court has jurisdiction.

In conclusion, the Court will deny Plaintiff's motion. Plaintiff has presented no authority to demonstrate that the Court has jurisdiction to appoint a general guardian and the Court is not aware of any such authority.  Therefore, the Court will not appoint a general guardian.  Additionally, Rule 17(c)(2) does not require the appointment of a guardian ad litem because Plaintiff is appropriately represented at this stage of the litigation.  Accordingly, it is hereby ORDERED that:

(1)  Plaintiff's Motion for Appointment of Guardian [Dkt. 15] is DENIED;

(2)  Plaintiff's Motion to Stay Proceedings [Dkt. 17] is DENIED;

(3)  Plaintiff shall file any opposition to Defendants' Motion to Dismiss [Dkt. 20] within fourteen (14) days of the date of entry of this Order;

(4)  the Clerk of the Court shall forward copies of this Order to all counsel of record.

/s/

December 29, 2015                 James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE